UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OMAR MEDINA ALEJANDRO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0436 (UNA) |
| UNITED STATES PRESIDENT, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant the application and dismiss the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiff demands that the President of the United States "stop all persons in the US military from engaging in war activities until all US soldiers are considered part of the non-poor class in society." Compl. at 4. He further demands that he "be the first to know about any US soldier kicked out of the US military . . . to make sure that the United States is not in bad standing to the world." *Id.* Lastly, plaintiff demands an award of $102 million "so that [he is] able to 'think better' about how [to] approach this problem." *Id.*

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary*

*of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

A complaint "raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *see Olumide v. U.S. Attorney Gen.*, No. 20-5135, 2020 WL 6600952, at *1 (D.C. Cir. Oct. 19, 2020) (per curiam) (affirming dismissal of "claim that it is unlawful for a member of Congress to change political parties, because he has identified no particularized injury to himself resulting from such a practice").  Notwithstanding plaintiff's assertions that the "US president's actions affect [him] personally," Compl. at 4, plaintiff fails to demonstrate standing.  Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]"  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: March 9, 2022                                         /s/
                                                            AMIT P. MEHTA
                                                            United States District Judge